UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSITION TECHNOLOGIES-MANAGED SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>M TODD BOYD, et al.,<br><br>Defendants. | Case No. 4:20-cv-02091-KAW<br><br>**ORDER DISCHARGING THIRD ORDER TO SHOW CAUSE; ORDER TO FILE DISIMSSAL OR MOTION TO WITHDRAW WITHIN 30 DAYS**<br><br>Re: Dkt. Nos. 50, 51 |

On March 23, 2022, the Clerk entered default against Defendants M. Todd Boyd and Tacitwear, Inc.. (Dkt. No. 34.) On August 16, 2022, Plaintiff requested that the August 23, 2022 case management conference be continued 60 days, and informed the Court that it expected to file a motion for default judgment by October 1, 2022. (Dkt. No. 37 at 2.)

On August 22, 2022, the Court continued the case management conference, and Plaintiff was instructed to file the motion for default judgment by October 7, 2022. (Dkt. No. 39.) On October 17, 2022, the Court issued a second order to show cause to Plaintiff and instructed that the response and motion for default judgment be filed by October 26, 2022. (Dkt. No. 39.) Plaintiff responded on December 2, 2022, and asked for an extension of time to file the motion. (Dkt. No. 41.) The Court discharged the order to show cause and set a filing deadline of January 19, 2023. (Dkt. No. 42.) Plaintiff timely filed a motion for default judgment, but ultimately withdrew it on February 28, 2023. (Dkt. Nos. 43 & 49.) Plaintiff did not file a renewed motion for default judgment, so, on August 22, 2023, the Court issued a third order to show cause why this case should not be dismissed for failure to prosecute. (Dkt. No. 50.) Plaintiff was ordered to file a response by September 15, 2023, and to either file a renewed motion for default judgment or a voluntary dismissal. *Id.* at 1-2.

On September 15, 2023, Plaintiff's counsel responded to the order to show cause, and explained that Plaintiff's sole office in the Western United States had closed, and that counsel was unable to obtain the supporting documents necessary to support a motion for default judgment. (Dkt. No. 51 at 2.)  Counsel further represented that he believed Plaintiff was no longer doing business in the United States, and that Defendant Tacitwear, Inc. is a defunct entity and Defendant M. Todd Boyd was likely judgment proof. *Id.* at 3.  Counsel requested that he be given an additional 30 days to either file a dismissal or a motion to withdraw as counsel. *Id.*

Accordingly, the third order to show cause is DISCHARGED.  Within 30 days of this order, Plaintiff shall either file a voluntary dismissal or counsel shall file a motion to withdraw as counsel.  There will be no further extensions under any circumstances, and Plaintiff is advised that the failure to timely file will result in this case being reassigned to a district judge with the recommendation that it be dismissed without prejudice for failure to prosecute.

Finally, Plaintiff's counsel is ordered to provide a copy of this order to his client, who is advised that corporate entities must appear in federal court through a licensed attorney. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004) (citing *Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994)).  Thus, if current counsel successfully withdraws and new counsel does not appear, the case will be subject to dismissal without prejudice. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

IT IS SO ORDERED.

Dated: November 9, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge